IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOSHUA DANIEL WILSON, <br><br> Petitioner, <br><br> vs. <br><br> DOUGLAS FENDER, et al., <br><br> Respondents. | CV 15-102-H-DLC-JTJ <br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Petitioner Joshua Daniel Wilson filed an application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Wilson is a state prisoner proceeding pro se. For the reasons set forth below, the petition should be dismissed.

**I.  Background**

In 2009, Wilson was charged with and pleaded guilty to conspiracy for operation of an unlawful clandestine laboratory (Cause No. BDC-2009-113) in Lewis and Clark County. He received a 20 year sentence to the Montana Department of Corrections with all but five years suspended. Pet. (Doc. 1 at 1). In a separate Lewis and Clark County matter, Wilson pleaded guilty to criminal distribution of dangerous drugs (Cause No. ADC-2009-283), for which he received

1

a five year prison sentence, with all time suspended. This sentence ran consecutively to the sentence imposed in BDC-2009-113. *Id*. at 2. *See also Wilson v. Berkebile*, No. OP-15-0364, Or. at 1 (Mont. filed June 23, 2015). In October 2009, Wilson was also convicted in Gallatin County for possession with intent to distribute (Cause No. DC-09-98-C). The Gallatin County district court committed him to the Department of Corrections for a five-year term to run concurrently with the Lewis and Clark County sentences. *Wilson*, No. OP-15-0364, Or. at 1.

Wilson was released from custody. While he was serving the supervised portion of his sentence, the State apparently filed a petition to revoke Wilson's suspended sentence. (Doc. 1 at 2). Wilson returned to custody but was released prior to further proceedings on the revocation. During this period, Wilson was charged with felony possession of dangerous drugs in Lewis and Clark County (Cause No. CDC-2014-434). *Id*. At sentencing on his revocation for BDC-2009-113, the trial court imposed a 15-year sentence to the Department of Corrections. *Id*. at 2-3. On the new criminal case (Cause No. CDC-2014-434), the court imposed a five-year sentence to run concurrently with the revocation sentence. *Id*. at 3.

Wilson sought habeas relief in the Montana Supreme Court, arguing that the sentence he had received upon revocation was facially invalid under *Lott v. State*,

150 P. 3d. 337 (2006). *See Wilson*, No. OP-15-0364, Or. at 2. Wilson contended that the sentence conflicted with Montana Code Annotated §§ 46-18-203(7)(a)(iii) and 46-18-201(3)(a)(iv)(A) because he received a longer term of imprisonment and the first five years were not suspended. *Id*.

The Montana Supreme Court noted that Wilson's reliance on these statutes was misplaced because they governed different procedures; Montana Code Annotated § 46-18-201 governs offenses imposed for a criminal conviction, while Montana Code Annotated § 46-18-203 governs the adjudication of probation violations. *Id*. The Court observed that: "Probation revocation is not based upon the conduct that constituted the original crime, but upon later conduct that constitutes a violation of a suspended sentence." *Id*. (citing *State v. Roberts*, 233 P.3d 324, 326 (Mont. 2010); *State v. Walker*, 30 P.3d 1099, 1100 (Mont. 2001)).

The Court observed that Wilson had misconstrued the language in Montana Code Annotated § 46-18-203(7)(a)(iii). The original sentence was a 20-year commitment with 15 years suspended. The Court found the 15-year sentence was not a longer sentence than the original sentence. *Id*. at 2. Once it determined he violated conditions of his probation, the revocation court required Wilson "to successfully complete a fifteen-year sentence—as originally imposed." *Id*.

The Court also noted that habeas relief was not available to attack the legality of an order revoking a suspended sentence. *Id*. at 3 (citing Montana Code

3

Annotated § 46-22-101(2)). The Court denied Wilson's petition for a writ of habeas corpus.

## II. Wilson's Claims

Wilson contends that he is unlawfully imprisoned on a facially invalid sentence. (Doc. 1-1 at 7.) Wilson believes that both the trial court and the Montana Supreme Court erred and violated his federal due process and equal protection rights. *Id*.

Wilson asks this Court to grant habeas relief and remand his case for resentencing. He requests he receive a 15-year sentence to the Department of Corrections with all but the first five years suspended. *Id*. Wilson filed his federal habeas petition on November 18, 2015.

## III. Analysis

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). Although Wilson invokes both the due process and equal protection clauses of the Constitution, he asks this Court to find that the Montana Supreme Court erred in the application of its own sentencing laws. As set forth above, the Montana Supreme Court held that Wilson is incarcerated under a valid and legal sentence. *Wilson*, No. OP-15-0364, Or. at 2.

Montana Code Annotated § 46-18-201(3)(a)(iv)(A) provides that a sentencing judge may impose a sentence that includes commitment to the Department of Corrections but that "all but the first 5 years of the commitment to the department of corrections must be suspended." The Montana Supreme Court found that § 46-18-201 applied to Wilson's original criminal conviction,[1] but that the statute was inapplicable to the sentence he received upon revocation. *Id*. Instead, Montana Code Annotated § 46-18-203 governed the revocation sentence. Under this statute, following a finding that Wilson had violated the terms of his 15 year suspended sentence, the trial court had three options: continue Wilson's suspended sentence without a change in conditions; continue Wilson's suspended sentence with modified or additional terms and/or conditions; or revoke the suspension of his sentence and require Wilson to serve either the sentence imposed or any sentence that could have been imposed so long as it does not include a longer commitment term than the original sentence. Mont. Code Ann. § 46-18-203(7)(a)(i)-(iii). The Montana Supreme Court explained that imposition of the 15 year suspended sentence was not a longer sentence than the 20 years to which Wilson had been originally sentenced. Thus, the sentence was valid. *Wilson*, No. OP-15-0364, Or. at 2.

Such a determination is supported by Montana law and is not subject to

---

[1] The Lewis and Clark County district court did comply with this statute during Wilson's original conviction in Cause No. BDC-2009-113, imposing a sentence of 20 years, with all but five suspended.

5

review by a federal court. *See Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002) ("[a] state court has the last word on interpretation of state law") (citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Moreover, a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Wilson has not made a showing of an arbitrary disregard of state sentencing law. He has failed to show that the sentence imposed was an unauthorized sentence. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). Likewise, Wilson does not allege that any of the channels through which he traveled to receive this sentence, including the revocation hearing or the appellate review, were unconstitutional. Wilson challenges the sentence itself. Because Wilson has not established that he has a liberty interest in receiving a certain sentence upon revocation, he cannot establish a denial of his right to due process. *See, e.g., Greenholtz v. Inmates of the Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("[T]he conviction, with all its procedural safeguards, has extinguished the[e] liberty right: '[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty.' "). There is no cognizable due process claim on the facts as alleged in Wilson's petition.

There is even less support in the petition for an equal protection claim. The Fourteenth Amendment's equal protection clause " 'announces a fundamental principle: the State must govern impartially. General rules that apply evenhandedly to all persons within the jurisdiction unquestionably comply with this principle.' " *Jones v. Helms*, 453 U.S. 412, 423 (1981). Wilson has not made any allegations in his petition that Montana law was unevenly applied to him or that there is a class of prisoners that has systematically received more lenient sentences than he received. Accordingly, his equal protection claim also fails.

Wilson's petition should be dismissed for failure to state a cognizable federal claim. His arguments under both the due process clause and the equal protection clause lack merit.

**IV.     Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of accountability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000)).

Wilson has not made a substantial showing that he was deprived of a constitutional right. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Wilson's petition (Doc. 1) should be **DENIED** and **DISMISSED** with prejudice for failure to establish a constitutional claim.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wilson may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Wilson must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

dismissal of this action without notice to him.

DATED this 27th day of January, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge